UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PETERSON, | ) | CASE NO. 1:23-CV-1914 |
| Plaintiff, | ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| CAPTAIN TODD HAMSEN, *et al.*, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) | |

I.     **INTRODUCTION**

*Pro se* Plaintiff Isaac Peterson filed this *in forma pauperis* complaint against Captain Todd Hamsen, Sergeant Feathers, Corrections Officer L. Millis, Corrections Officer C. Mathicasd, Leann K., and Clerk Leanna K. (ECF No. 1).

Plaintiff's brief complaint is almost completely devoid of facts. In the statement of his claim, Plaintiff states "illegal kidnap for about 40 hours." (*Id*. at PageID 5). In a document attached to the complaint, Plaintiff lists the following incomplete and somewhat illegible sentences and citations: "Lack of Due Process unwarranted seizure and arrest depriving of civil liberties;" "502.003 shuttleworthvsAL;" "ChitinaMillsVsDC;" "2nd Amend;" "4th Amend;" and "was detained 36 hour no calls no soap no toothbrush deprived to right to see magistrate immediately." (ECF No. 1, PageID 7).

In his request for relief, Plaintiff states that he was "made to register [an] automobile pay fee occupational fees firearms taken minus due process was told I may be a felon." (ECF No. 1, PageID 5). Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). The Court grants that application.

1

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Although specific facts are not required to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard under Rule 8. The complaint is almost completely devoid of facts, it fails to connect any alleged occurrence to any specific, cognizable injury, and it lacks a proper request for relief. Plaintiff fails to identify coherently how each defendant harmed him. Moreover, Plaintiff's pleading does not contain a decipherable legal claim within the jurisdiction of this Court.

Plaintiff's listed citations to certain legal authority is insufficient. Plaintiff's pleading is nothing more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" for which dismissal is required. *Iqbal*, 556 U.S. at 678. Plaintiff's complaint therefore fails to state a claim on which the Court may grant relief.

### IV. CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: January 31, 2024

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**